■ HARVEY KAUFMAN, Appellant, v SIGNAL FINANCE OF NEW YORK, INC., Respondent.—Judgment unanimously affirmed, without costs. Memorandum: In 1975 petitioner executed and delivered a promissory note and what purported to be an assignment of wages to respondent. Petitioner defaulted on the note in 1976 and respondent filed the wage assignment with the county clerk and with petitioner's employer in December, 1976. Petitioner commenced this proceeding on November 15, 1978 alleging that the wage assignment was void because respondent failed to file a "true copy" of the wage assignment with the employer (Personal Property Law, §§ 47-a, 48-a) and also seeking a determination that the underlying debt was void because the loan documents violated section 353 of the Banking Law and the Federal Truth in Lending Act. Special Term vacated the wage

assignment, with leave to refile, because respondent failed to file a "true copy" of the assignment. It dismissed the claims for relief alleging the invalidity of the underlying debt and petitioner appeals. Subdivision 5 of section 47-e of the Personal Property Law provides that "In any proceeding under this section the court shall have jurisdiction to consider any and all defenses to the assignment and the debt secured thereby." Because of mechanical errors in respondent's office machinery, the wage assignment as filed was blank and not a true copy of the assignment executed by petitioner. Inasmuch as petitioner has received the relief he sought by the proceeding under section 47-e, there is no need for us to rule on petitioner's right to challenge the underlying debt and since the parties have not addressed the merits of that issue, we find it inappropriate to do so. (Appeal from judgment of Monroe Supreme Court— vacate wage assignment.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.